|  |  |
|---|---|
| TIFFANY ARIELLE COTE, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 16-cv-06383 (JBS-AMD) |
| CAMDEN COUNTY JAIL, | **OPINION** |
| Defendant. | |

APPEARANCES

Tiffany Arielle Cote, Plaintiff Pro Se
330 York Street, Apt. B
Camden, NJ 08102

**SIMANDLE, Chief District Judge:**

1.    Plaintiff Tiffany Arielle Cote seeks to bring a civil
rights complaint pursuant to 42 U.S.C. § 1983 against the Camden
County Jail ("CCJ") and certain unidentified correctional
officers of CCJ ("the C.O.'s") for allegedly unconstitutional
conditions of confinement. Complaint, Docket Entry 1. For the
reasons set forth below, the Court concludes that the Complaint
will be dismissed with prejudice in part and dismissed without
prejudice in part.

2.    28 U.S.C. § 1915(e)(2) requires courts to review
complaints prior to service in cases in which a plaintiff is
proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any
claim that is frivolous, is malicious, fails to state a claim
upon which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.    For the reasons set forth below, the Court will:

a. Dismiss the Complaint with prejudice as to claims made against CCJ, as this defendant is not a "person" within the meaning of 42 U.S.C. § 1983;

b. Dismiss the Complaint with prejudice for failure to state a timely claim as to allegations of unconstitutional use of force ("2011 Excessive Force Claim" and "2013 Excessive Force Claim," as defined below), U.S. Const. amend. XIV and 28 U.S.C. § 1915(e)(2)(b)(ii);

c. Dismiss the Complaint with prejudice for failure to state a timely claim as to allegedly unconstitutional conditions of confinement at CCJ, which Plaintiff purportedly experienced prior to October 3, 2014 ("2011 Overcrowded Conditions of Confinement Claim" and "2013 Overcrowded Conditions of Confinement Claim," as defined below), 28 U.S.C. § 1915(e)(2)(b)(ii); and

d. Dismiss the Complaint without prejudice for failure to state a claim as to allegedly unconstitutional conditions of confinement at CCJ, which Plaintiff

purportedly experienced in May 2015 ("2015 Jail Conditions Claim," as defined below), U.S. Const. amend. XIV and 28 U.S.C. § 1915(e)(2)(b)(ii).

### Plaintiff's Claims

4. Plaintiff alleges that she was incarcerated in CCJ during three periods: (a) "1st time Oct. 2011 – stayed 3 months" (referred to hereinafter as "2011 Period"); (b) "2013 – not sure the month" (referred to hereinafter as "2013 Period"); and (c) "then again in May of 2015" (referred to hereinafter as "2015 Period"). Complaint § III(B).

5. With respect to the 2011 Period, Plaintiff claims that she "had to sleep on floor w/ no towel[,] nothing. Then went up to 7 day [and] had to move from cell to cell [and] had to sleep on the floor w/ only a flat matt [*sic*] [and] no pillows. 2 sheet[s] / 1 blanket. 4 people at all times in one cell" (referred to hereinafter as "2011 Overcrowded Conditions of Confinement Claim"). *Id.* § III(C). Plaintiff also claims that "one of the C.O.'s came in my cell trying to wake me & next thing I know I was being kick[ed] w/ boots to wake up. I got upset [and] tried to call my mom & tell her. The officer got mad & ripped [the] phone out of my hand" (referred to hereinafter as "2011 Excessive Force Claim"). *Id.*

6. With respect to the 2013 Period, Plaintiff claims that she "had to be on the floor w/ no blanket, sheet, nothing . . .

3

I was moved a few times & each time left on the dirty floor"
(referred to hereinafter as "2013 Overcrowded Conditions of
Confinement Claim"). *Id.* at 4. She also states: "I went through
a bad with drawal [and] was walking in my sleep bothering my
other cellmates. They got mad [*sic*] witch [*sic*] I understand.
One of the C.O. came in w/ a white sheet [and] pulled me up off
of the floor[,] grad [*sic*] me across the toilet[,] smacked my
face on the wall & told me if I do anything else I would be
sentced [*sic*] to a 364" (referred to hereinafter as "2013
Excessive Force Claim"). *Id.*

7.   With respect to the 2015 Period, Plaintiff claims that
when she "went up to 7 day [I] was placed in a cell w[h]ere the
toilet was not working & was overflowing. I was asking if I
could clean the cell before placing my matt [*sic*] in there. We
were told there wasn't anything they could do. I had to either
hold it or pee over all of it witch [*sic*] I didn't do.
Thankful[ly] I was release[d] that night" (referred to
hereinafter as "2015 Jail Conditions Claim"). Complaint at 5.

### Claims Against CCJ: Dismissed With Prejudice

8.   Plaintiff brings this action pursuant to 42 U.S.C.
§ 1983[1] for alleged violations of Plaintiff's constitutional

---

[1] Section 1983 provides: "Every person who, under color of any
statute, ordinance, regulation, custom, or usage, of any State .
. . subjects, or causes to be subjected, any citizen of the
United States or other person within the jurisdiction thereof to

rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

9.    Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo*, 502 U.S. 21 (1991)).[2] To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while

_____

the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.
[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

exercising his responsibilities pursuant to state law." *Id.*
at 50.

10.  Because the Complaint has not sufficiently alleged
that a "person" deprived Plaintiff of a federal right, the
Complaint does not meet the standards necessary to set forth a
*prima facie* case under § 1983. In the Complaint, Plaintiff seeks
monetary damages from CCJ for allegedly unconstitutional
conditions of confinement. The CCJ, however, is not a "person"
within the meaning of § 1983; therefore, the claims against it
must be dismissed with prejudice. *See Crawford v. McMillian*, 660
F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity
subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v.
Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern
State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989)
(correctional facility is not a "person" under § 1983). Given
that the claims against the CCJ must be dismissed with
prejudice, the claims may not proceed and Plaintiff may not name
the CCJ as a defendant.

11.  Plaintiff may be able to amend the Complaint to name a
person or persons who were personally involved in the alleged
unconstitutional conditions of confinement, however. To that
end, the Court shall grant Plaintiff leave to amend the
Complaint within 30 days of the date of this order.

**2011 Overcrowded Conditions of Confinement Claim, 2013**
**Overcrowded Conditions of Confinement Claim, 2011 Excessive**
**Force Claim, and 2013 Excessive Force Claim:**
**Dismissed With Prejudice**

*Standard of Review, Sua Sponte Screening,*
*and the Statute of Limitations*

12.  With respect to the applicable standard of review, 28 U.S.C. § 1915(e)(2) requires a court to review complaints prior to service of the summons and complaint in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

13.  To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

14.   "A court may dismiss a complaint for failure to state a claim, based on a time-bar, where 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.' *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under 28 U.S.C. § 1915(e)(2) a *pro se* civil rights claim whose untimeliness is apparent from the face of the Complaint." *Cooper v. Gloucester Cty. Corr. Officers*, No. 08-103, 2008 WL 305593, at *3 (D.N.J. Jan. 28, 2008) (citations omitted).

15.   Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

*2011 and 2013 Overcrowded Conditions of Confinement Claims*

16.   The 2011 Overcrowded Conditions of Confinement Claim and the 2013 Overcrowded Conditions of Confinement Claim in the Complaint allege that Plaintiff experienced unconstitutional overcrowding in CCJ while detained there in "Oct 2011 [for] 3 months" and "2013, not sure the month." Complaint § III(B) and page 4. The allegedly unconstitutional conditions of confinement at CCJ, namely the alleged overcrowding and sleeping conditions in cells, would have been immediately apparent to Plaintiff at the time of detention; therefore, the statute of limitations for Plaintiff's 2011 Overcrowded Conditions of Confinement Claim and her 2013 Overcrowded Conditions of Confinement Claim expired in 2013 and 2015, respectively. Both expirations occurred before this Complaint was filed on October 3, 2016. Plaintiff has filed her lawsuit too late with respect to the 2011 and 2013 Overcrowded Conditions of Confinement Claims. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of her 2011 and 2013 Overcrowded Conditions of Confinement Claims, there are no extraordinary circumstances that prevented Plaintiff from filing her Claims, and there is nothing to

indicate Plaintiff filed her Claims on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

<u>*2011 and 2013 Excessive Force Claims*</u>

17.    Although not specified in the Complaint, this Court construes Plaintiff's contentions regarding being "kick[ed] w/ boots to wake up" during her 2011 CCJ incarceration (Complaint § III(C)) and having her face "smacked on the wall" during her 2013 incarceration (*id.* at 4) as claims that Plaintiff suffered physical abuse amounting to a violation of her constitutional rights.

18.    "Claims of excessive force at the time an individual is a pretrial detainee are evaluated based on the Due Process Clause of the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015) (noting '[w]e have said that "the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment"' (quoting *Graham v. Connor*, 490 U.S. 388, 395 n. 10 (1989))." *Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 394 (D.N.J. 2016). *Accord Sylvester v. City of Newark*, 120 F. App'x 419, 423 (3d Cir. 2005). To establish a claim for use of excessive force in violation of the Due Process Clause of the Fourteenth Amendment, a plaintiff must show that the force used was applied "maliciously and sadistically to cause harm" and not "in a good-

faith effort to maintain or restore discipline." *Baez v. Lancaster Cty.*, 487 F. App'x 30, 32 (3d Cir. 2012) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

19.  Civil rights or constitutional tort claims, such as those presented here in Plaintiff's 2011 and 2013 Excessive Force Claims, are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's 2011 and 2013 Excessive Force Claims.

20.  Here, the alleged assaults by the C.O.'s giving rise to the 2011 and 2013 Excessive Force Claims occurred in October 2011 and sometime in 2013. Complaint § III(B). There is no question that Plaintiff would have had actual knowledge of the injuries that constitute the basis of her Excessive Force Claims in 2011 and 2013. Thus, those claims are now time-barred.

21.  This Complaint was filed on October 3, 2016: *i.e.*, at approximately one year after the two-year statute of limitations period had expired in 2015 on the 2013 Excessive Force Claims, and at least three years after the two-year statute of limitations period had expired in 2013 on the 2011 Excessive Force Claims.

22.  Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law. Nor does plaintiff plead ignorance of the law or the fact of her incarceration (neither excuse being sufficient to relax the statute of limitations bar in this instance) as the basis for delay in bringing suit. In fact, Plaintiff is completely silent with respect to the fact that her Complaint has been submitted out of time. This Court also finds that Plaintiff has not offered any explanation for her lack of diligence in pursuing her Excessive Force Claims for approximately three years. This omission strongly militates against equitable tolling of the statute of limitations.

23.  Therefore, the Court finds that Plaintiff's 2011 Excessive Force Claim and 2013 Excessive Force Claim as asserted in the Complaint are now time-barred, and those claims are hereby dismissed with prejudice.

24.  As it is clear from the face of the Complaint that more than two years have passed since Plaintiff's Excessive Force Claims accrued, the dismissal of these claims with prejudice means that Plaintiff may not file an amended complaint concerning the alleged excessive force events of 2011 and 2013. Complaint § III(B). *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

## CLAIM OF UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT
## AS TO JAIL CONDITIONS: DISMISSED WITHOUT PREJUDICE

25. For the reasons set forth below, the Court will dismiss without prejudice the Complaint's 2015 Jail Conditions Claim as to allegedly unconstitutional conditions of confinement, 28 U.S.C. § 1915(e)(2)(b)(ii).

26. The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

27. The following factual allegations pertinent to the 2015 Jail Conditions Claim are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of the following allegations: Plaintiff states that when she "went up to 7 day [I] was placed in a cell w[h]ere the toilet was not working & was overflowing. I was asking if I could clean the cell before placing my matt [*sic*] in there. We were told there wasn't anything they could do. I had to either hold it or pee over all of it witch [*sic*] I didn't do. Thankful[ly] I was release[d] that night" (referred to hereinafter as the "Toilet Condition"). Complaint at 5.

13

28. "A conditions of confinement claim is a constitutional attack on the general conditions, practices, and restrictions of pretrial or other detainee confinement." *Al-Shahin v. U.S. Dep't of Homeland Sec.*, No. 06-5261, 2007 WL 2985553, at *9 (D.N.J. Oct. 4, 2007) (citing *Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979)). "Analysis of whether a pre-trial detainee has been deprived of liberty without due process is governed by the standards set out by the Supreme Court." *Alexis v. U.S. Dep't of Homeland Sec.*, No. 05-1484, 2005 WL 1502068, at *10 (D.N.J. June 24, 2005) (citing *Bell*, 441 U.S. 520 and *Fuentes v. Wagner*, 206 F.3d 335, 341-42 (3d Cir. 2000)).

29. "Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." *Crocamo v. Hudson Cty. Corr. Ctr.*, No. 06-1441, 2007 WL 1175753, at *3 (D.N.J. Apr. 19, 2007) (citing *Bell*, 441 U.S. at 537). A constitutional violation exists if the court finds that the conditions of confinement are "not reasonably related to a legitimate, non-punitive governmental objective." *Al-Shahin*, 2007 WL 2985553, at *9 (citing *Bell*, 441 U.S. at 538-39). "In assessing whether the conditions are reasonably related to the assigned purposes, we inquire as to whether these conditions 'cause [inmates] to endure [such] genuine privations and hardship over an extended period of time,' that the adverse conditions become excessive in relation to the purposes assigned

14

for them." *Union Cty. Jail Inmates v. DiBuono*, 713 F.2d 984, 992
(3d Cir. 1983) (citing *Bell*, 441 U.S. at 542).

30.  "In evaluating the constitutionality of conditions or
restrictions of pretrial detention that implicate only the
protection against deprivation of liberty without due process,
the proper inquiry is whether those conditions amount to
punishment prior to an adjudication of guilt in accordance with
law. For under the Due Process Clause, a detainee may not be
punished prior to an adjudication of guilt in accordance with
due process of law." *Bell*, 441 U.S. at 535-36. "In order to
determine whether the challenged conditions of pre-trial
confinement amount to punishment, a court must decide whether
the disability is imposed for the purpose of punishment or
whether it is but an incident of some other legitimate
governmental purpose. Absent a showing of an expressed intent to
punish on the part of the detention facility officials, that
determination generally will turn on whether [it has] an
alternative purpose ... and whether it appears excessive in
relation to [that] purpose." *Id.* at 538-39. Courts' inquiry into
"whether given conditions constitute 'punishment' must therefore
consider the totality of circumstances within an institution."
*DiBuono*, 713 F.2d at 996. The totality of circumstances inquiry
is a "fact-based analysis" unique to "the particular

circumstances of each case." *Hubbard v. Taylor*, 538 F.3d 229, 234 (3d Cir. 2008).

31.  "[D]enial of the 'minimal civilized measure of life's necessities,' *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), which would include basic sanitary conditions, would be sufficient to state an actionable constitutional deprivation. Further, unsafe, unsanitary, and inadequate conditions do not appear reasonably related to a legitimate, non-punitive governmental objective." *Al-Shahin*, 2007 WL 2985553, at *10. *Accord Gonzalez-Cifuentes v. U.S. Dep't of Homeland Sec.*, No. 04-4855, 2005 WL 1106562, at *12 (D.N.J. May 3, 2005).

32.  Without more facts, it appears that this temporary Toilet Condition, which is not alleged to have caused injury to Plaintiff, does not rise to the level of depriving her of the minimal civilized measure of life's necessities. See *Carson v. Main*, No. 14-cv-7454, 2015 WL 18500193, at *4 (D.N.J. Apr. 15, 2015) (dismissing plaintiff's Fourteenth Amendment due process claim where neighboring cells shared plumbing pipes and required residents to flush their own toilet to dispose of the neighboring cell's waste).

33.  Plaintiff does not contend that the Toilet Condition was intended as punishment, or that she suffered adversely from it. Plaintiff has not alleged she was subjected to the claimed

Toilet Condition for a significant amount of time or that she developed physical injuries as a result of the Condition.

34. With respect to facts regarding "the duration and nature of [her] exposure" (*Robinson v. Danberg*, No. 15-3040, 2016 WL 7364148, at *4 (3d Cir. Apr. 14, 2016) to the Toilet Condition, Plaintiff acknowledges that "thankful[ly] I was release[d] that night." Complaint at 5.

35. "There is, of course, a *de minimus* level of imposition with which the Constitution is not concerned." *Bell*, 441 U.S. 539 n. 21. Plaintiff has failed to present facts in her present Complaint demonstrating that the Toilet Condition passed this threshold.

36. For example, the Court construes Plaintiff's statement that she was "release[d] that night" (Complaint at 5) to indicate that she was subjected to the Toilet Condition for a limited time. Thus, the duration of the alleged incident was limited in nature. *Cf. Smith v. Gerard F. Gormley Justice Facility*, No. 07-929, 2007 WL 842046, at *5 (D.N.J. Mar. 13, 2007) (allowing plaintiff's conditions claim to proceed where he "had to endure these conditions for an extended period of time, since August 2006"); *Gilblom v. Gillipsie*, 435 F. App'x 165, 168-69 (3d Cir. July 7, 2011) (discussing caselaw where, in the

context of the Eighth Amendment[3], alleged constitutional
deprivations occurred when plaintiff-prisoner was "forced to
urinate and defecate in non-functioning toilet after removing
garbage from the toilet," and such deprivation had been found
sufficiently serious under the Eighth Amendment's objective
prong for a conditions of confinement claim; noting that
plaintiff's "time spent in proximity to his excrement was 36
hours, not four days" and that plaintiff "did not suffer any
adverse health effects") (discussing *Alvarez v. Cty. of
Cumberland*, No. 07-346, 2009 WL 750200, at *5 (D.N.J. Mar. 18,
2009) (slip op.)); *Paith v. Cty. of Washington*, 394 F. App'x
858, 860 (3d Cir. 2010) (inmate was not subjected to
unconstitutional conditions of confinement in violation of the
Fourteenth Amendment when she was transferred to a correctional
facility room not equipped with a standard toilet facility
where, *inter alia*, she was confined there less than one day).
The Constitution "does not mandate comfortable prisons." *Rhodes*,
452 U.S. at 349. On the other hand, if a jail detainee is

---

[3] Due Process rights under the Fourteenth Amendment, which are
applicable to pretrial detainees, are "at least as great as the
Eighth Amendment protections available to a convicted prisoner,"
and as a result "the protections of the Eighth Amendment would
seem to establish a floor of sorts." In other words, the
requirements of the Eighth Amendment set a "floor" for analysis
of Fourteenth Amendment due process claims. *Fuentes*, 206 F.3d at
344 (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 188 n.10 (3d Cir.
1993)). *Gilblom* is thus relevant to the Court's discussion
herein.

intentionally denied reasonable access to functioning toilet
facilities, the Fourteenth Amendment rights may be triggered and
further factual exploration is required.

37. Viewing the facts and the totality of the
circumstances in the light most favorable to Plaintiff, her
allegations contrast with those in cases such as *Smith*, *Gilblom*,
and *Paith*, and the Complaint herein fails to set forth
sufficient factual matter to show that Plaintiff's 2015 Jail
Conditions Claim as to the Toilet Condition is facially
plausible. *Fowler*, 578 F.3d at 210. Since Plaintiff's claim
asserting "the toilet was not working & was overflowing"
(Complaint at 5) does not indicate that Plaintiff was subjected
to a genuine privation for an extended period that caused actual
harm, such allegations fail to state a claim and will be
dismissed without prejudice, with leave to amend the Complaint
as to the 2015 Jail Conditions Claim.

38. If she wishes to pursue this claim, Plaintiff bears
the burden of supplying the facts of the 2015 Jail Conditions
Claim, as discussed above, including: (a) sufficient factual
detail for the Court to infer that a constitutional violation
has occurred; (b) names of the party(ies) whom she claims are
allegedly liable under the Claim; and (c) the date(s) on which
such events occurred. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d
239, 245 (3d Cir. 2013); *Pliler v. Ford*, 542 U.S. 225, 231

(2004). Thus, Plaintiff is advised that in the event she files an amended complaint, she must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

39.  Plaintiff should note also that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court in this Opinion and Order.

**CONCLUSION**

40.  For the reasons stated above, Plaintiff's Complaint is dismissed with prejudice in part and dismissed without prejudice in part.

41.  The Complaint is:

a. Dismissed with prejudice as to Plaintiff's: (i) claims against CCJ, (ii) 2011 Overcrowded Conditions of Confinement Claim, (iii) 2013 Overcrowded Conditions of Confinement Claim, (iv) 2011 Excessive Force Claim, and (v) 2013 Excessive Force Claim; and

42. Dismissed without prejudice as to Plaintiff's 2015 Jail Conditions Claim.

43. An appropriate order follows.


**May 3, 2017**                     **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                    Chief U.S. District Judge